## ELLEN FLYNN *vs.* BRIDGET COFFEE.

The demandant in a writ of dower is a competent witness to prove her husband's death.

In order to rebut the presumption of death arising from absence for seven years, evidence is admissible to show that the person has been heard of as living within that time, though by others than members of his family.

WRIT OF DOWER. At the trial in the superior court, at September term 1865, before *Rockwell*, J., it appeared that the demandant's husband went to California in 1850. The demandant was objected to as a witness, but admitted; and she testified that she had received no letters from him since his arrival there, and no information from any source that he was living, since the first year after his arrival there. On the part of the defence, there was evidence to show that he was living as lately as 1856; and the tenant, who was his sister, was called as a witness, and asked if within seven years she had heard from various persons that he was living in California; but this question was ruled to be incompetent. The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*A. R. Brown*, for the tenant.

*L. E. Shepard*, for the demandant.

HOAR, J. The admission of the demandant to testify was right. In suing to recover her dower, there is no party to the contract or cause of action who is dead, within the meaning of the statute, so as to preclude her from testifying. The cause of action is the withholding from her an estate in land to which she claims title. That a former owner of the estate, through whom her title is derived, is dead, is no more an objection in the case of dower than in the case of an inheritance. It is only upon the death of her husband, and not in his life, that her right of action accrues.

But we think that the exclusion of the testimony offered by the tenant was erroneous, and that upon this ground the exceptions must be sustained. The fact to be proved was the death of the demandant's husband. There was no direct proof of his death offered, and the demandant relied upon the presumption

of his death from his absence for more than seven years without being heard from. This is merely a presumption of fact, and may be rebutted. The period of seven years has been fixed as raising this presumption, in analogy to the limit fixed by the English statutes concerning bigamy and leases for lives. Sts. 1 Jac. I. *c.* 11 ; 19 Car. II. *c.* 6. The statute of bigamy has been adopted in this commonwealth. Gen. Sts. *c.* 165, § 5. But the death is presumed in other cases only when the person has been absent for seven years, without any intelligence concerning him having been received during that time. 1 Greenl. Ev. § 41, and cases there cited. If the tenant had heard from him as alive within seven years, the jury should have been allowed to consider the evidence of that fact. There is no rule of law which confines such intelligence to any particular class of persons. It is not a question of pedigree. In *Doe* v. *Deakin,* 4 B. & Ald. 433, it was held that persons in the neighborhood, not of the family, might testify that the absent person had not been heard of by them. And if the demandant's husband had been heard of as living within seven years, though by persons not members of his family, it would certainly affect the presumption upon which she relied.        *Exceptions sustained.*